IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMUEL THELLER,                         §
                                        §
          Plaintiff,                    §
                                        §  Civil Action No. 3:19-CV-2564-D
VS.                                     §
                                        §
US BANK NATIONAL ASSOCIATION,           §
                                        §
          Defendant.                    §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Samuel Theller ("Theller") moves to remand on the basis that the removal was untimely. Because subsequent decisions in state court may dictate whether this case was timely removed, the court grants the motion to remand, recognizing that defendant may be able to remove this case anew.

I

This lawsuit involves Theller's residence in Mesquite, Texas. The removing defendant is PROF-2013-S3 LEGAL TITLE TRUST, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE (hereafter "defendant," unless the context indicates otherwise), who foreclosed on the residence in July 2017. Theller filed suit in state court on April 19, 2019 and incorrectly named the defendant as "U.S. BANK, NATIONAL ASSOCIATION . . . in its capacity as Trustee for the PROF 2013 LEGAL TITLE TRUST." Theller served "U.S. Bank, National Association," another incorrectly named entity, by service on the Texas Secretary of State. Defendant did not answer the suit. The state district

court granted Theller's motion for default judgment against the defendant named in the lawsuit and sent "U.S. Bank, National Association" notice of the default judgment on June 24, 2019.

Defendant filed a motion for new trial, which the state district court granted on October 3, 2019. Theller then filed a petition for writ of mandamus in the Texas Court of Appeals seeking to vacate the state district court's order granting a new trial. After Theller filed the petition, defendant removed the case to this court. On December 11, 2019 the Texas Court of Appeals abated the mandamus proceeding because the state district judge who granted the new trial had been elevated to the court of appeals, and a successor judge will be appointed to fill the vacancy.[1] When a successor judge is appointed to fill this vacancy, the new judge will have the opportunity to reconsider the October 3, 2019 ruling granting the motion for new trial.

Theller now moves to remand the case to state court. Defendant opposes the motion.[2]

---

[1]The court *sua sponte* takes judicial notice of the December 11, 2019 order of the Texas Court of Appeals abating Theller's mandamus proceeding. This court is authorized by Fed. R. Evid. 201(c)(1) to take notice of this order. *See, e.g., Reneker v. Offill*, 2010 WL 1541350, at *5 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (citing *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995)) (explaining that courts may take judicial notice of state court orders in related action).

[2]Without obtaining leave of court, defendant filed a surreply. The court has not considered the surreply because the local civil rules do not permit a surreply to be filed without leave of court. *See* N.D. Tex. Civ. R. 7.1(f) (allowing reply to be filed but not providing for surreply to be filed).

II

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of a removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). "The Supreme Court clarified this language in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999), holding the time for removal commences on formal service of process, '*not by mere receipt of the complaint unattended by any formal service.*'" *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007) (quoting *Murphy Bros.*, 526 U.S. at 347-48). Section 1446(b)'s 30-day limit on removal is a procedural limitation. Nevertheless, it is mandatory and is to be strictly construed. *See Cervantez v. Bexar Cty. Civil Serv. Comm'n*, 99 F.3d 730, 732 (5th Cir. 1996); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731, at 672 (rev. 4th ed. 2018). While the 30-day limitation is a federal rule, "the question whether the plaintiff has properly served the defendant is determined by reference to the applicable state law" in removed cases. *Thevenet v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 4475880, at *2 (N.D. Tex. Oct. 6, 2017) (Fitzwater, J.) (citing *Murphy Bros.*, 526 U.S. at 348).

III

Theller contends that defendant's removal is untimely because it "filed its Notice of Removal more than five months after it was served" and "over three months after i[t] filed its Motion for New Trial." P. Mot. 3. Theller emphasizes that defendant "filed the Notice

of Removal only after being served with [Theller's] Petition for Writ of Mandamus." *Id.*

Defendant responds that removal is timely because it was not properly served. Defendant contends that, because Theller "requested a citation which clearly names as the defendant 'U.S. BANK, NATIONAL ASSOCIATION,' not the correct Defendant name 'PROF-2013-S3 LEGAL TITLE TRUST, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,'" defendant was never formally served, and therefore the time limit for removal has not yet begun. D. Resp. 5.

Theller replies that because defendant never argued that it was improperly named in state court, defendant is now estopped from raising improper service as a defense to remand. He maintains that, to the extent he did misname the defendant (which he does not concede), the error was a misnomer under Texas law, not a misidentification. Theller asserts that, because defendant "clearly knew that it was sued" and "never contended to the contrary until remov[al]," defendant was properly served well over 30 days before removing the case. P. Reply 6.

IV

Although the parties dispute whether defendant was properly served and whether the time for removal has elapsed as a result, it is actually the disposition of the case—at least in the state district court[3]—that necessitates remand. Because the state district court's ruling

---

[3]Remand would be necessary even if the case had not been abated pending a successor judge. This is because a ruling on the petition for writ of mandamus would have the same effect if the Texas Court of Appeals based its ruling on service of process.

on reconsideration of the motion for new trial may conclusively determine whether defendant was properly served and thereby determine when the time for removal was triggered, this court concludes that the case must be remanded.

A

Remand predicated on a potentially dispositive ruling in a state court proceeding is akin to principles established by the "voluntary-involuntary rule." The voluntary-involuntary rule provides that "[w]here the case is not removable because of joinder of defendants, *only* the voluntary dismissal or nonsuit by the plaintiff of a party . . . can convert a nonremovable case into a removable one." *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019) (internal quotation marks omitted), *as revised* (Aug. 23, 2019). The rationale for the rule is that the involuntary dismissal of a non-diverse party may be reversed on appeal, thereby reinserting the non-diverse party into the case and destroying the federal court's basis for exercising subject matter jurisdiction. Here, there is a similar possibility that a case that is presently potentially removable may later become nonremovable as untimely based on a state court's determination of proper service.

B

1

Under Texas law, a ruling on a motion for new trial after a default judgment typically involves an assessment of whether the defendant was properly served.[4] Thus a

---

[4]"[A] defendant who was *properly served* with process may be granted a new trial after a no-answer default judgment if the defendant proves the [*Craddock v. Sunshine Bus*

- 5 -

reconsideration of the motion for new trial in this case will likely determine whether defendant was properly served and therefore conclusively determine whether the time for removal has expired. For example, if the successor judge rules that the motion for new trial should not have been granted because defendant was properly served and acted with conscious indifference in failing to answer the suit, defendant's removal to this court would be untimely. Proper service issued over five months ago would be well past the 30-day time limit for removal under 28 U.S.C. § 1446(b)(1). Because the state district court's reconsideration may render removal improper at an indeterminate future date when a successor judge is appointed, this court concludes that there is "doubt as to the propriety of removal" which must "be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

2

The court notes, however, that remand at this stage does not prejudice defendant's ability to remove in the future, if appropriate. If, for example, the default judgment is vacated and a new trial is granted on the basis that defendant was improperly served,

---

*Lines, Inc.*] elements," which contemplate whether the failure to answer the suit was intentional or due to mistake. *Orgoo, Inc. v. Rackspace US*, *Inc.*, 341 S.W.3d 34, 41 (Tex. App. 2011, no pet.) (emphasis added) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). But a plaintiff's failure to show "strict compliance with [Texas'] rules governing service of process," including a plaintiff's failure to properly identify a defendant when serving process, may alone be a sufficient basis to vacate a default judgment and grant a new trial. *Higginbotham v. Gen. Life & Accident Ins. Co.*, 796 S.W.2d 695, 697 (Tex. 1990); *see also Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 512 (Tex. App. 2010, no pet.) (vacating default judgment and holding that service was defective where plaintiff served "Rone Engineering Service, Ltd." as "Rone Engineers, Ltd.").

defendant's option to remove would remain because the time limit for removal never commenced.  *See Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 306 (5th Cir. 2014) ("[W]e conclude that [defendant's] removal period did not begin to run . . . because it was never properly served.  The case was therefore removable[.]").  Alternatively, if the default judgment is vacated and a new trial granted without a finding regarding service, defendant may remove again and argue anew that removal is timely because it was never properly served.

\* \* \*

For the reasons explained, the court grants Theller's November 2, 2019 motion to remand and remands this case to the 95th Judicial District Court of Dallas County, Texas.  The clerk shall effect the remand according to the usual procedure.

**SO ORDERED**.

December 19, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE